# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROGER RAMIREZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-18-1085-SLP |
| MARK KNUTSON, <br> Designee of ODOC et al., | ) ) ) ) |
| Defendants. | ) |

## O R D E R

Plaintiff Roger Ramirez filed this 28 U.S.C. § 1983 suit against (i) Oklahoma Department of Corrections employee Mark Knutson in his official and individual capacities, (ii) Lawton Correctional Facility warden Raymond Smith in his official and individual capacities, and (iii) Lawton Correctional Facility employee Robert Harding in his official and individual capacities. *See* Am. Compl., Doc. No. 23. On May 16, 2019, United States Magistrate Judge Suzanne Mitchell issued a Report and Recommendation [Doc. No. 26] pursuant to 28 U.S.C. § 1915. Judge Mitchell recommended that the following claims be dismissed without prejudice: (i) Plaintiff's claims for monetary relief against Knutson in his official capacity, (ii) Plaintiff's claims against Knutson in his individual capacity, (iii) Plaintiff's claims against Smith in his official capacity, and (iv) Plaintiff's claims against Harding in his official capacity. *See* R&R 7, Doc. No. 26. Plaintiff filed his objections [Doc. No. 28] (styled as a "Motion to Object") to the R&R on May 31, 2019.

The Court reviews de novo those portions of the R&R to which Plaintiff made specific objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Plaintiff's only argument in his objections [Doc. No. 28] is that he stated a claim against Knutson in his individual capacity because he alleged that Knutson failed to supervise Smith and Harding properly. Plaintiff does not object to Judge Mitchell's determinations regarding dismissal of claims for monetary relief against Knutson in his official capacity due to immunity or dismissal of claims against Smith and Harding in their official capacities.

Having reviewed Plaintiff's objections to the R&R de novo, the Court concurs with Judge Mitchell's analysis therein, and the Court adopts the same. A failure to supervise can be a basis for a § 1983 claim, but the supervising "defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (indicating that "a supervisor's mere knowledge of his subordinates' [wrongful actions does not] amount[] to the supervisor[] violating the Constitution"). "A plaintiff arguing for the imposition of supervisory liability therefore must [plead] an affirmative link between the supervisor and the constitutional violation." *Cox v. Glanz*, 800 F.3d 1231, 1248 (10th Cir. 2015). Here, Plaintiff has alleged (in his Amended Complaint [Doc. No. 23]) nothing more than abstract supervisory responsibility and the denial of grievances by Knutson, and Plaintiff's individual-capacity claims against Knutson are subject to dismissal. *See Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012) ("The denial of a grievance, by itself without any connection to the violation of

constitutional rights alleged by [the] plaintiff, does not establish personal participation under § 1983." (quotation marks and citation omitted)).

IT IS THEREFORE ORDERED that Judge Mitchell's Report and Recommendation [Doc. No. 26] is ADOPTED by the Court and Defendant's objections thereto [Doc. No. 28] are OVERRULED.

IT IS FURTHER ORDERED that (i) Plaintiff's claims for monetary relief against Knutson in his official capacity, (ii) Plaintiff's claims against Knutson in his individual capacity, (iii) Plaintiff's claims against Smith in his official capacity, and (iv) Plaintiff's claims against Harding in his official capacity are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 9th day of September, 2019.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE